RECEIVED
DEC 15 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ANTONIO CARTER, individually & as curator of interdict o/b/o CORNEL LOUIS BECNEL | CIVIL ACTION NO. 2:15-02312 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| USA | MAG. JUDGE KAY |

## MEMORANDUM ORDER

Before the court is "The United States' Motion to Exclude Standard of Care Opinions of Dr. Okan Elidemir" (R. #35) wherein Defendant seeks to exclude the testimony and/or opinions of Plaintiff's medical expert regarding the standard of care for emergency medicine physicians and the Emergency Department ("ED") Staff. The United States maintains that any opinions by this expert about the standard of care for nurses and emergency room physicians is beyond the scope of Dr. Elidemir's expertise.

This lawsuit involves the alleged negligent medical treatment provided to Cornel Becnel by Dr. Paul Schonbrun and the ED Staff when he presented himself to the Baines Jones Army Community Hospital (BJACH) at Fort Polk, Louisiana. On August 25, 2013, Mr. Becnel, then a minor, presented himself at the ED with a severe asthma attack. Mr. Becnel was diagnosed with asthma before he was two (2) years old and had numerous ED visits for asthma exacerbations during his lifetime. It has been noted by treating physicians that Mr. Becnel's asthma was poorly controlled.

In Plaintiff's expert report, Dr. Elidemir has criticized the timing of Dr. Schonbrun's decision to intubate Mr. Becnel. Defendant is seeking to exclude Dr. Elidemir's report and

opinion because he is not an emergency medicine physician and he has never intubated a patient who was having severe asthma attack.[1] In other words, Dr. Elidemir lacks the general qualifications in the field of emergency medicine.

Federal Rule of Evidence 702 provides that a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . ."[2] A district court is accorded broad discretion in determining whether expert opinion evidence should be held admissible, and its decision will not be overturned absent an abuse of discretion.[3] Louisiana Revised Statutes 9:2794(A) provides that in a medical malpractice action, the plaintiff has the burden of proving:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.

Specifically, Defendant complains that Dr. Elidemir does not practice as an emergency medicine physician in any capacity and the Clinic he works for is a multispecialty clinic which does not offer emergency department services.[4] Furthermore, Dr. Elidemir has never intubated a

---

[1] Defendant's exhibit D, Okan Elidemir, MD. Depo. pp. 39-40 and 17-20.
[2] See also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).
[3] MSOF Corp. v. Exxon Corp., 934 So.2d 708, 717 (La.App. 1st Cir. 12/22/05), writ denied 98 So.2d 78 (La. 10/06/06).
[4] Defendant's exhibit D, pp. 8. 17.

patient who was having a severe asthma attach. Thus, Defendant maintains that Dr. Elidemir is not qualified to offer opinions regarding the time of intubation in the ED or any other standards of care for emergency medicine physicians. Dr. Elidemir has testified that he does not work in the ED and in fact he sends patients with urgent medical problems to the local ED.[5] He has never intubated an asthmatic patient,[6] much less one in a severe asthmatic attack. Also of note, in this case, the patient's throat was obstructed with vomitus.[7]

In Lee v. Quinn, Louisiana[8] courts have recognized that emergency medicine is its own specialty. The specialist is held under Louisiana Revised Statute 9:2794A(1) to the degree of care ordinarily practiced by physicians within his medical specialty.[9] Dr. Elidemir lacks the requisite knowledge of accepted standards of medical care for procedures and protocol in an emergency department. He further lacks the necessary training and/or experience to offer an expert opinion regarding the accepted standard of care. Thus, the undersigned will not allow Dr. Elidemir to testify as to appropriate standard of care for emergency department procedures and timing of same. He will be permitted to testify as to the treatment or diagnosis of asthma problems in general. Likewise, over objection, the court will also limit Dr. Patel's testimony in the same manner.

---

[5] Id.
[6] Id. pp. 17-20.
[7] Defendant's exhibit 1, Dr. Jubanyik depo. pp. 86-88.
[8] 2017 WL 4081883 (La.App. 1 Cir. Sept. 15, 2017).
[9] Penn v. CarePoint Partners of Louisiana, L.L.C., 181 So.3d 26, 30 (La.App. 1 Cir. 7/30/15).

## CONCLUSION

For the reasons set forth above, it is

**ORDERED** that the <u>Daubert</u> motion is hereby **GRANTED** to the extent that Dr. Elidemir will not be permitted to offer an opinion or testimony as to the standard of care for emergency department procedures and timing of same.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 15th day of December, 2017.

_____
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**